**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Cheri Lynn Bailey,

    Plaintiff,

v.                                                      Case No. 1:06cv463

Smart Papers LLC,                              Judge Michael R. Barrett

    Defendant.

## OPINION & ORDER

This matter is before the Court upon Defendant Simons-Eastern Consultants' ("Simons-Eastern") Motion for Summary Judgment (Doc. 66); and Defendant SW&B Construction Corporation's ("SW&B") Motion to Dismiss the Amended Complaint (Doc. 72) and Motion to Dismiss Plaintiff's Constitutional Challenge (Doc. 98). Plaintiff has filed Responses in Opposition (Docs. 82, 83), and Defendants have filed Replies (Docs. 84, 87).

**I.    BACKGROUND**

On January 15, 2006, decedent Bill Bailey was employed by Defendant Smart Paper in their paper mill. (Doc. 20, ¶ 10.) Bailey was working near the "take up" reel of the No. 9 paper machine. (Id.) Bailey was pulled into the machine, and sustained severe injuries. (Id.) These injuries resulted in Bailey's death on January 19, 2006. (Id.)

Sixteen years prior to this incident, the No. 9 paper machine underwent a substantial rebuild/redesign. (Id.) This rebuild/redesign involved engineers from several companies, including Defendants SW&B and Simons-Eastern. (Id.) SW&B was a general contractor retained by Defendant Champion International Corporation, the owner of the paper mill at the time; and Simons-Eastern performed engineering services for various aspects of the

rebuild/redesign. The rebuild/redesign of the No. 9 paper machine was completed in mid-October of 1990. (Doc. 66, Ex. 7.) The rebuild/redesign increased the efficiency of the machine and the quality of the paper it produced. (Doc. 66, Ex. 2, Charles DeWitt Depo. at 10-11.)

Plaintiff is the wife of the decedent and the administrator of his estate. Plaintiff filed a complaint against Smart Paper on July 17, 2006, and later amended the complaint on May 25, 2007 to add parties, including SW&B and Simons-Eastern, and additional legal theories. Plaintiff claims that SW&B and Simons-Eastern were negligent with respect to the rebuild/redesign of the No. 9 paper machine and their failure to warn workers about the existence of dangerous conditions. (Doc. 20, ¶ 61.) Defendants argue that the claims against them are barred by Ohio's statute of repose, Ohio Revised Code §2305.131, which bars claims arising out of an incident concerning real property which happened more than ten years after an improvement to the property ceased.

## II. ANALYSIS

### A. Applicable standards

#### 1. Motion to Dismiss

Defendant SW&B brings its Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In reviewing a motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), *quoting Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the factual allegations contained in a complaint must "raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1965 (2007).

In support of its Motion, SW&B cites to matters outside the pleadings, including the affidavit of James McKusick, which is attached to the Motion, the deposition testimony of Mike Hoff and Charles DeWitt, and the affidavit of Dallas Dell. Where a motion to dismiss relies on matters outside the pleadings, the motion is to be converted to a motion for summary judgment so long as "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b)(6). However, where the plaintiff responds to the motion to dismiss by also relying on evidence outside the pleadings and by suggesting to the court that the motion be treated as one for summary judgment, no notice is necessary, and no surprise should result from the conversion. *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989).

In the present case, in her response to SW&B's Motion, Plaintiff notes that even though SW&B's Motion is brought pursuant to Federal Rule 12(b)(6), it is "no more than a reprise of Simons-Eastern's motion for summary judgment." Plaintiff presents the same arguments in response to SW&B's Motion to Dismiss as she presents in response to Simons-Eastern's Motion for Summary Judgment. The Court notes that portions of Plaintiff's Responses to SW&B's Motion to Dismiss and Simons-Eastern's Motion for Summary Judgment are identical. The Court also notes that while Plaintiff does not cite to any evidence outside the pleadings, she certainly refers to facts which were not plead in her Amended Complaint. For example, Plaintiff refers to troubleshooting inspections which occurred subsequent to the rebuild/redesign. In her Response to Simons-Eastern's Motion for Summary Judgment, she cites to attached documents as evidentiary support for the same alleged inspections. The Court finds under the circumstances, no notice to

the parties is necessary that the Court will convert SW&B's Motion to Dismiss the Amended Complaint to a motion for summary judgment.

### 2. Motion for Summary Judgment

Defendant Simons-Eastern brings a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, which provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this initial burden, the non-movant cannot rest on its pleadings, but must show that there is a genuine issue for trial. *Id.* at 324.

### 3. Federal Rule of Civil Procedure 56(f)

Plaintiff argues that Defendants' responses to her discovery requests were not made in good faith. Plaintiff argues that further discovery is necessary before this Court rules upon Defendants' motions. Plaintiff seeks a denial of Defendants' motions based upon Federal Rule of Civil Procedure 56(f), which provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

Fed. R. Civ. P. 56(f). A party invoking the provisions of Rule 56(f) must "(1) file an affidavit that details the discovery needed, and (2) explain how it will help rebut the movant's

showing of the absence of a genuine issue of material fact." *Gettings v. Building Laborers Local 310 Fringe Benefit Fund*, 349 F.3d 300, 305 (6th Cir. 2005), *citing Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003).

Plaintiff has attached affidavits to her Responses to Defendant's motions. These affidavits do not detail the discovery needed. Plaintiff only makes a general statement that more discovery is needed regarding the rebuild of the No. 9 paper machine. This affidavit is insufficient. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (explaining that in the affidavit a party must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.").

As to the incomplete discovery responses, the Court notes that at no time did Plaintiff contact the Court to request a discovery conference on this matter, or file a motion to compel. The Court also notes that the discovery deadline was extended several times upon joint motions of the parties; and the Court granted Plaintiff several extensions of time to respond to Defendants' motions on the basis that Plaintiff needed to review voluminous amounts of written discovery before responding. Accordingly, the Court finds that Plaintiff had every opportunity to conduct the necessary discovery, and concludes that Plaintiff is not entitled to a denial of Defendants' motions pursuant to Rule 56(f). *Accord York v. Tenn. Crushed Stone Ass'n*, 684 F.2d 360, 363 (6th Cir. 1982) (affirming the district court's denial of a Rule 56(f) motion where the plaintiff had ample opportunity for discovery).

### B. Constitutionality of Ohio Revised Code §2305.131

In response to Defendants' motions, Plaintiff argues that Ohio Revised Code § 2305.131 is unconstitutional. SW&B has moved to dismiss this constitutional challenge,

arguing that Plaintiff has not served the Ohio Attorney General with her challenge as required by Ohio Revised Code § 2721.12. SW&B maintains that as a result, Plaintiff cannot bring any constitutional challenge regarding Ohio's statute of repose.

Section 2712.12(A) provides that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. . . . [I]f any statute . . . is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard." In its most recent decisions, the Supreme Court of Ohio has limited the application of section 2721.12(A) to those cases in which a party challenges the constitutionality of a statute in a declaratory judgment action. *Grover v. Bartsch*, 866 N.E.2d 547, 554 (Ohio Ct. App. 2006), *citing Cleveland Bar Assn. v. Picklo*, 772 N.E.2d 1187 (Ohio 2002); *Pinchot v. Charter One Bank, F.S.B.*, 792 N.E.2d 1105, n.1 (Ohio 2003). As a result, when the constitutionality of a statute is challenged as part of a civil action for damages, a trial court has jurisdiction to address the statute's constitutionality. *Id.* Because none of the parties to this action have brought a claim for declaratory judgment, the Court finds Ohio Revised Code § 2721.12(A) inapplicable.

However, under federal law, a state attorney general must be given the opportunity to defend the constitutionality of a state statute:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

28 U.S.C. § 2403(b).

Plaintiff has not requested that the Court make such a certification to the Ohio Attorney General. Moreover, SW&B moved to dismiss Plaintiff's constitutional challenge on January 27, 2009, but to date, Plaintiff has not filed any opposition to that motion. Under this Court's local rules, the failure to respond to a motion may be grounds for granting the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2) ("Failure to file a memorandum in opposition may be cause for the Court to grant any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees."). Accordingly, the Court finds that Plaintiff has waived any challenge as to the constitutionality of Ohio Revised Code § 2305.131.[1]

## C. Ohio Revised Code §2305.131

Section 2305.131 is a statute of repose which provides that:

> no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

Defendants argue that section 2305.131 bars Plaintiff's claims against them. Defendants explain that Plaintiff's claims arose more than ten years after Simons-Eastern and SW&B completed the engineering and construction improvements. Plaintiff argues that the statute

---

[1]The Court notes that such a challenge would fail to carry the day for Plaintiff. One court of appeals in Ohio has held that the current version of Ohio Rev. Code § 2305.131 is constitutional. *See McClure v. Alexander*, 2008 WL 754800 (Ohio Ct. App. March 21, 2008) (unpublished).

does not apply because the work performed by Defendants did not result in "an improvement to real property."[2]

In determining whether there is an "improvement to real property," as that phrase is used in section 2305.131, the Sixth Circuit has subscribed to a "common sense approach." *Adair v. Koppers Co., Inc.*, 741 F.2d. 111, 113-14 (6th Cir. 1984). The court employs a four factor test: (1) the level of permanence of the improvement, (2) whether it became an integral part of the system, (3) whether it enhances the value of the property, and (4) whether it enhances the use of the property. *Id.* at 114. The Ohio Supreme Court has adopted the same approach: "when determining whether an item is an improvement to real property under RC §2305.131, a court must look to the enhanced value created when the item is put to its intended use, the level of integration of the item within any manufacturing system, whether the item is an essential component of the system, and its permanence." *Brennaman v. RMI Co.*, 639 N.E.2d 425, 429-30 (Ohio 1994).

In *Matthews v. Beloit Corp.*, 807 F.Supp. 1289 (W.D. Mich. 1992), the court applied the *Adair* approach in determining whether the installation of a "stack calendar" in a papermaking machine was an improvement to real property. The court found that the installation was an improvement to real property. *Id.* at 1292. The court noted that the stack calendar was an integral part of the papermaking machine, and that without it, the plant could not produce paper. *Id.* at 1293. The court noted that the machine was 350 feet long, two stories high, and was bolted to the floor. *Id.* The court concluded that Michigan's

---

[2]In her response to Simon-Eastern's Motion for Summary Judgment, Plaintiff argued that Simons-Eastern made subsequent inspections of the premises and should have discovered the dangerous condition on those occasions. However, Plaintiff subsequently informed the Court that Simons-Eastern did not in fact make such inspections. Absent any factual basis in the record, the Court will not address Plaintiff's argument on this point.

statute of repose, which is similar to Ohio Revised Code § 2305.131, barred Plaintiff's claim.

The Court finds that the rebuild/redesign of the No. 9 paper machine constitutes an improvement to real property under Ohio Revised Code § 2305.131.

First, the Court finds that the No. 9 paper machine is a permanent part of the mill and the rebuild/redesign became a permanent part of the papermaking process. The No. 9 paper machine transforms raw wood pulp into a final, finished paper product. (Doc. 66, Dallas Dell Aff., ¶ 8) The machine is permanently affixed to the floor with bolts and is connected to the mill through pipes and heating and electrical systems. (Id., ¶¶ 9, 11) The No. 9 paper machine is about 150 feet long, and occupies two floors. (Id., ¶ 9) The machine could not be removed and rebuilt on another site without its destruction and the destruction of the mill. (Id., ¶ 14; DeWitt Depo. at 12-13)

Next, there is testimony in the records that the rebuild/redesign enhanced the value of the property by increasing the productivity of the mill and the quality of the paper. (DeWitt Depo. at 10, 25)

Finally, there is also evidence that the rebuild/redesign enhanced the use of the property. The net savings or increased profit as a result of the rebuild/redesign was projected to be over $10 million per year. (Doc. 66, Ex. 6)

Relying upon a decision from a New Jersey Superior Court, *Bineck v. Exxon-Mobil Corp.*, 818 A.2d 330 (N.J.Super.L. 2002), Plaintiff argues that the rebuild/redesign was a "mere replacement" of worn parts and therefore does not constitute an improvement to real property. At issue in *Bineck*, was whether the replacement of underground gas tanks at a gas station was an improvement to real property. The court identified the relevant factors

as being: "whether the modification or addition enhances the use of the property, involves the expenditure of labor or money, is more than mere repair or replacement, adds to the value of the property, and is permanent in nature." *Id.* at 597. The court concluded that the replacement of the tanks was not an improvement to real property:

> replacement is part of the normal upkeep and maintenance of a gasoline station, and there is nothing to indicate that the newly installed tanks improved the gas station in the sense intended by the statute. Rather, they were necessary replacements of fungible items that had reached the endpoint of their useful life span. The tank replacement was neither a modification nor an addition but simply permitted the continuation of a pre-existing use of the subject property.

*Id.* Even as persuasive authority, the Court finds that the decision in Bineck does not alter the Court's conclusion that the rebuild/redesign was an improvement to real property. The work performed on the No. 9 paper machine went beyond the replacement of fungible items. Parts were not only replaced, but also updated, moved, and added. (Doc. 66, Ex. 8.) Accordingly, the Court finds that Ohio Revised Code §2305.131 bars Plaintiff's claims for negligence against SW&B and Simons-Eastern.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendant Simons-Eastern Consultants' Motion for Summary Judgment (Doc. 66) is **GRANTED**;

    a. Simons-Eastern shall be dismissed as a party;

2. Defendant SW&B Construction Corporation's Motion to Dismiss the Amended Complaint (Doc. 72) is **GRANTED** ;

    a. SW&B shall be dismissed as a party;

3. Defendant SW&B's Motion to Dismiss Plaintiff's Constitutional Challenge (Doc. 98) is **GRANTED**.

**IT IS SO ORDERED.**

            */s/ Michael R. Barrett*
            Michael R. Barrett, Judge
            United States District Court