**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Cheri Lynn Bailey,

        Plaintiff,

    v.                              Case No. 1:06cv463

Smart Papers LLC,                   Judge Michael R. Barrett

        Defendant.

## OPINION & ORDER

This matter is before the Court upon Defendant GE Energy and Environmental Research Corporation's ("GE") Motion for Summary Judgment (Doc. 103) and Defendants International Paper Company and Champion International Corporation's Motion for Summary Judgment (Doc. 105). Plaintiff Cheri Lynn Bailey has filed a Response to GE's Motion for Summary Judgment. (Doc. 106.)

## I. BACKGROUND

On January 15, 2006, Plaintiff's husband, Bill Bailey, was employed by Defendant Smart Paper in their paper mill. (Doc. 20, ¶ 10.) Bailey was working near the "take up" reel of the No. 9 paper machine. (Id.) Bailey was pulled into the machine, and sustained severe injuries. (Id.) These injuries resulted in Bailey's death on January 19, 2006. (Id.)

Sixteen years prior to this incident, the No. 9 paper machine underwent a substantial rebuild/redesign. (Id.) Defendant Champion was the owner of the paper mill at the time of the rebuild/redesign. (Id.) Defendant International Paper is the successor in interest to Champion. (Id.) The rebuild/redesign was engineered and undertaken by both Champion personnel and outside contractors hired by Champion to assist with the project. (Doc. 105,

Ex. 1, Charles DeWitt Depo. at 4.) GE provided both products and engineering and technical services as part of the rebuild/redesign. (Doc. 103, Ex. 1, James Cavin Aff. ¶¶ 7-8.) The rebuild/redesign of the No. 9 paper machine was completed in mid-October of 1990. (Doc. 66, Ex. 7.)

Plaintiff claims that Defendants were negligent with respect to the rebuild/redesign of the No. 9 paper machine and their failure to warn workers about the existence of dangerous conditions. (Doc. 20, ¶ 61.) Defendants argue that the claims against them are barred by Ohio's statute of repose, Ohio Revised Code §2305.131, which bars claims arising out of an incident concerning real property which happened more than ten years after an improvement to the property ceased.

## II.    ANALYSIS

### A.    Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this initial burden, the non-movant cannot rest on its pleadings, but must show that there is a genuine issue for trial. *Id.* at 324.

### B.    Ohio Revised Code §2305.131

Ohio Revised Code §2305.131 is a statute of repose which provides that:

no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for

contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

This Court previously found that the work performed during the rebuild/redesign was "an improvement to real property." (Doc. 104.) The Court concluded that as a result, Ohio Revised Code §2305.131 barred Plaintiff's claims for negligence against Defendants SW&B and Simons-Eastern. (Id.) For the same reasons, the Court finds that Ohio Revised Code §2305.131 bars the claims against Defendants GE Energy and Environmental Research Corporation, International Paper Company and Champion International Corporation. Accordingly, Defendants' Motions for Summary Judgment are hereby GRANTED.

## III.    <u>CONCLUSION</u>

Based on the foregoing, it is hereby **ORDERED** that:

1.    Defendant GE Energy and Environmental Research Corporation's ("GE") Motion for Summary Judgment (Doc. 103) is **GRANTED**;

   a.    GE Energy and Environmental Research Corporation shall be dismissed as a party from this action;

2.    Defendants International Paper Company and Champion International Corporation's Motion for Summary Judgment (Doc. 105) is **GRANTED**; and

   a.    International Paper Company and Champion International Corporation shall be dismissed as a party from this action.

**IT IS SO ORDERED.**

_/s/ Michael R. Barrett_

Michael R. Barrett, Judge
United States District Court